## 60567. DAVIS v. THE STATE.

POPE, Judge.

Appellant was convicted of burglary. In his sole enumeration of error, he contends that the trial court erred in denying his motion for mistrial. We affirm.

A police officer testified as follows: "Q. All right. Now, what did you read to Mr. Calvin Davis? A. (witness producing a document) The standard Miranda warning that we were issued to read to the subjects when they are arrested to advise that they are under arrest. You have the right to remain silent. Anything you say will be used in Court as evidence against you. You're entitled to have a lawyer now and have him present now or at any time during questioning. If you can't afford a lawyer, one will be appointed for you without cost and he may be present at all times during your questioning.

"I asked him, I said, do you understand these rights and both persons either signified verbally or nodded their head. And, we started questioning them and neither one of them wanted to state anything at all at that time." Appellant moved for a mistrial on the ground that the officer's testimony constituted an impermissible comment on his right to remain silent. The trial court denied the motion, but instructed the jury as follows: "Ladies and gentlemen of the jury, just before you went outside, the witness did not really respond to the question. He made a statement about what the witness — what the defendant did or did not say. In that regard, the Court cautions you that a defendant has an absolute constitutional right to remain silent. He does not have to make any statement whatsoever.

And, if he did remain silent or if he made any statement, if you should determine that he said anything in this regard, his silence shall not be used against him and you are not to attribute anything harmful to a person because they exercised their constitutional rights to remain silent.

"Can all the jurors do that? If any of you cannot do that, please raise your hand.

"All right. Proceed."

Appellant contends the trial court's instruction was insufficient to erase the prejudicial effect of the officer's statement on the jury. However, we are not here faced with character attacks of the sort which necessitated reversal in *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1978) and *Posey v. State,* 152 Ga. App. 216 (262 SE2d 541) (1979). Furthermore, the "fact" of appellant's silence was not again alluded to during the course of the trial. "[U]nder the circumstances here we do not find that the trial court in anywise abused its discretion in the method in which it immediately took steps to correct any improper statements by the witness." *Newton v. State,* 154 Ga. App. 98, 100 (267 SE2d 641) (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 30, 1981.

*A. E. Wallace,* for appellant.
*Michael D. Anderson, Assistant District Attorney,* for appellee.