### 63925. ABBOTT v. THE STATE.

BANKE, Judge.

The defendant was convicted of five counts of burglary. He contends on appeal that the trial court erred in failing to grant his motion for mistrial and that the jury's verdict was unsupported by the evidence adduced at trial. *Held:*

1. Defendant's counsel, on cross examination, asked the investigating officer, "Did Mr. Abbott ever tell you that he had a part in all of these?" (referring to the burglaries). The witness replied, "Mr. Abbott didn't cooperate in any way. He wouldn't tell you the time of day." This response prompted the motion for mistrial. The trial court immediately rebuked the witness and instructed the jury to disregard the comment. Because of this remedial action and because the statement was made in response to defense counsel's question, we hold that the trial court did not err in declining to grant a mistrial. See *Davis v. State,* 157 Ga. App. 290 (277 SE2d 286) (1981).

2. The state's evidence was more than sufficient to authorize conviction. The defendant and his accomplice were captured in the act of committing the final burglary charged. Items taken during the burglaries were found in the defendant's car, and a ring belonging to one of the victims was found on his person. An accomplice who took part in all five crimes testified as a witness for the state, implicating the defendant. His testimony was adequately corroborated by the other evidence, and the evidence as a whole was sufficient to enable a rational trier of fact to find the defendant guilty of the offenses charged. *Brown v. State,* 152 Ga. App. 144 (262 SE2d 510) (1979).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 19, 1982.

*Gordon Staples,* for appellant.

*Arthur E. Mallory III, District Attorney, Anita F. Smith, Assistant District Attorney,* for appellee.