A94A0950. SIMS v. THE STATE.
(444 SE2d 121)

BIRDSONG, Presiding Judge.

Ronnie Lee Sims was tried before a jury and found guilty of possessing 11.5 grams of cocaine with the intent to distribute. He appeals the judgment and sentence. *Held*:

1. Pursuant to a consensual search of appellant's vehicle, police discovered a purple felt Crown Royal bag, containing three black plastic film canisters. Inside these vials were plastic bags containing 53 rocks of crack cocaine, additional larger chunks of crack, and one-half gram of powdered cocaine. Appellant objected to chain of custody; however, these vials and the cocaine were admitted into evidence and this evidentiary ruling is enumerated as error.

"Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence as that seized and show that there has been no tampering or substitution. [Cit.] The circumstances must establish reasonable assurance of the identity of the substance. [Cit.]" *Staples v. State*, 209 Ga. App. 802, 805 (5) (434 SE2d 757). Here, the investigating officer inventoried three black plastic vials and identified them as the State's exhibits by the letters "A," "B," and "C," which he had carved on them. He placed the vials and the purple felt bag inside a paper bag and stapled it. This stapled paper bag was placed in the evidence room of the Oconee County Sheriff's Department, for which there was only one key. This bag was subsequently placed in a sealed evidence envelope and sent by certified mail to the

State Crime Lab in Atlanta. The forensic chemist from the crime lab testified as to the procedures employed to assign a unique identity number to all samples received for drug testing. This witness stated that, when it was removed from the evidence locker, the envelope containing the vials of suspected cocaine was still sealed and bore no indication of tampering.

In establishing the chain of custody, the State is not required to show that the substance was guarded every minute. *Williams v. State*, 153 Ga. App. 421, 422 (3) (265 SE2d 341). In light of steps taken in accordance with established procedures for preserving the chain of custody, and in the absence of any physical manifestation of tampering or improper attempts to open and reseal the exhibits, it appears to a reasonable certainty that the vials of cocaine submitted at trial were the same ones seized from appellant's car. *Brinson v. State*, 208 Ga. App. 556, 557 (2) (430 SE2d 875).

2. In narrating the events after the seizure of the cocaine from appellant's car, an investigating officer testified that appellant was formally arrested and given his *Miranda* warnings. After being photographed and processed at the Oconee County Jail, appellant was given a second *Miranda* warning and he signed a form stating that he understood his rights. This officer continued: "[Appellant] said nothing — he refused to make a statement." Appellant moved for a mistrial, claiming that the State had elicited improper comment on his election to remain silent after having been cautioned of his rights. Although this motion was denied, the trial court gave immediate curative instructions to the jury. Appellant renewed his motion and enumerates as error the denial of his motion for mistrial on the ground of improper reference to his post-arrest post-*Miranda* silence.

"Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege. [Cit.]" *Reid v. State*, 129 Ga. App. 660, 664 (5) (200 SE2d 456). "Improper reference to a defendant's silence, however, does not automatically require reversal. [Cits.]" *Hill v. State*, 250 Ga. 277, 283 (4a) (295 SE2d 518). Here, the trial court promptly gave curative instructions on the State's unalterable burden of proof and the right of the accused to keep silent, and unambiguously instructed the jury that they were not permitted to draw any adverse inference from the fact the accused has asserted his right to silence. Moreover, it appears that the comment objected to was inadvertent and unresponsive on the part of the witness, and was not an intentional reference by the prosecution to the silence of the defendant where an innocent man would protest his innocence. Under these circumstances, the trial court did not abuse its discretion in denying appellant's motion for mistrial. *Davis v.*

*State*, 157 Ga. App. 290 (277 SE2d 286).

3. Appellant enumerates the general grounds, contending that the evidence was insufficient to authorize a finding of intent to distribute.

Viewed in the light to uphold the verdict of guilt, the evidence showed that appellant left work with 11.5 grams of cocaine in his immediate possession. The 53 rocks of crack cocaine and one-half gram of powder were packaged as if for resale. Appellant's admitted destination was an address other than his own. " 'To support a conviction for possession of cocaine with intent to distribute, the State is required to prove more than mere possession. [Cit.]' [Cit.] In the case sub judice, the evidence shows that the cocaine was divided [among several containers and in differing forms and amounts]. This manner of packaging being commonly associated with the sale or distribution of such contraband would authorize any rational trier of fact to infer that [appellant] possessed cocaine with intent to distribute. [Cit.] The evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539). The enumeration of the general grounds is without merit.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 5, 1994.

*Kimberly C. Harris*, for appellant.
*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney*, for appellee.