## A00A0109. CROWDER v. THE STATE.
(527 SE2d 901)

ELDRIDGE, Judge.

After accepting many years of physical abuse from his grandfather, Thurman Martin, and vowing since he was six years old to "kill that man," Billy Crowder shot his grandfather several times in the head, took money from his wallet, and buried him in a tomato patch in his backyard.[1] A Long County jury found Crowder guilty of voluntary manslaughter, armed robbery, hindering the apprehension of a criminal, and possession of a firearm during the commission of a crime. He appeals, raising three enumerations of error.

1. Crowder first challenges the sufficiency of the evidence to support his conviction for armed robbery. He contends that the evidence did not establish the time frame in which the victim's wallet was taken so as to prove the taking was *from* the victim through the use of a firearm, as set out in the indictment. We disagree.

On appeal the evidence must be viewed in a light most favorable to support the verdict, and Crowder no longer enjoys the presumption of innocence. "The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Arnold v. State*, 238 Ga. App. 314 (518 SE2d 716) (1999). In this case, the indictment charged that Crowder: "did unlawfully and with the intent to commit theft, take property of Thurman Martin, to wit: a wallet containing U. S. Currency; said Billy Crowder taking said wallet from Thurman Martin through the use of a firearm."

The evidence at trial showed that Crowder's stepfather/co-defendant, John Stanton, gave a statement to the police in which he told them "Billy Crowder had took $800 from Martin's *body* and gave Stanton $200 of the money to pay Diane — Diana Crowder's mobile home trailer payment." (Emphasis supplied.) Appellant Billy Crowder also gave a statement to the police admitting that he shot Thurman Martin, and "after my granddaddy, Thurman, was shot, we all three wrapped him in a piece of plastic. . . . We all then carried him to the garden and buried him under the tomato plants." Crowder

---

[1] The offenses were accomplished with the aid of appellant's stepfather, John Stanton; his mother, Diane Crowder Stanton; his sister, Katie Crowder; and a close friend, Jason Jordan.

then told the police that "[t]he money that was in my granddaddy's billfold, which [was] around $600, John took $200 and said he was going to make a trailer payment with it. I took the rest and paid bills with it. . . . When we got the money out of the billfold, I gave Jason $20." In addition, Crowder took the stand at trial and testified that everything in his statement to the police was true and that after shooting his grandfather, he took the wallet out of his grandfather's pocket and divided the money therein among the accomplices.

This evidence and the inferences reasonably drawn therefrom establish that (1) the victim's wallet was removed after the shooting but prior to the victim's burial in the garden and (2) the burial occurred almost immediately after the shooting. Thus, there is no merit to Crowder's contention that the evidence failed to prove that the victim's wallet was taken from him through the use of a firearm.

> Where, as here, the evidence is sufficient to authorize a finding that the theft was completed *after* force was employed against the victim, a conviction for armed robbery is authorized regardless of when the intent to take the victim's property arose, regardless of whether the victim was incapacitated and even if the victim had been killed instantly. . . . [I]f the evidence authorizes a finding that the defendant first killed the victim and then took the victim's property, he would be guilty of armed robbery.

(Citations and punctuation omitted; emphasis in original.) *Francis v. State*, 266 Ga. 69, 70-71 (1) (463 SE2d 859) (1995). Accordingly, we find that the evidence was sufficient to prove beyond a reasonable doubt the essential elements of armed robbery as set out in the indictment and as reflected in the jury's verdict. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Crowder contends that the trial court erred by refusing to instruct the jury on: (a) robbery and theft by taking as lesser included offenses of armed robbery and (b) "claim of right" as a defense to theft.

(a) The evidence was uncontradicted that the victim was killed and, immediately thereafter, his wallet was taken and the money in it disbursed. There was no evidence that the taking of the victim's money was accomplished without a gun. In fact, Crowder conceded at trial that "the only way [he was] able to get the money was because [he] had the gun and shot [his] granddaddy." Where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offenses of theft by taking or robbery by intimidation.

*Jones v. State*, 233 Ga. App. 362, 364 (504 SE2d 259) (1998).

(b) Likewise, Crowder was not entitled to a charge on "claim of right," since by statute such charge is a defense to the crime of theft, not armed robbery. OCGA § 16-8-10 (2); see also, e.g., *Wideman v. State*, 222 Ga. App. 733 (2) (476 SE2d 49) (1996). While we agree with Crowder that *"intent* to commit a theft" is an essential element of armed robbery, we decline to judicially extend the defense of "claim of right" to mitigate this essential element when the uncontradicted evidence shows a completed armed robbery. To do so would be to find that an alleged "claim of right" justifies the use of a gun or other weapon to secure that claim. In such an instance, the ends do not justify the means, regardless of whether the defendant thinks he has a right to the property. Presumably, that is why the legislature did not include "claim of right" as a defense to armed robbery.

3. Finally, on two separate bases, Crowder challenges his conviction for possession of a firearm during the commission of a felony.

(a) First, Crowder claims that the jury found him guilty of voluntary manslaughter — not murder — under Count 1 of the indictment, but found him guilty of possession of a firearm during the commission of the *murder* under Count 4 of the indictment. Because of this alleged inconsistency, Crowder claims that the trial court erred by failing to direct a verdict on Count 4. However, Crowder was charged with possession of a firearm during the *commission* of the crime of murder, not while committing the crime of murder himself.[2] In that regard, Crowder's stepfather/co-defendant John Stanton was found guilty of the murder of Thurman Martin, and, as a party to the crime, Crowder may be found guilty of possession of a firearm during the commission of that murder. *Brooks v. State*, 208 Ga. App. 869, 870 (432 SE2d 612) (1993).

(b) Crowder's second claim under this enumeration of error has merit, however. It appears the trial court instructed the jury that the offense of possession of a firearm during the commission of a felony could be committed in a manner other than that alleged in the indictment.[3] The trial court charged the jury:

A person commits the offense of possession of a firearm during the commission of a crime when the person has on or within arm's reach of his person during the commission or any attempt to commit any crime against or involve the person of another, the unlawful entry into a building or vehicle, or a theft from the building in which crime is a felony. *The*

---

[2] Count 4 charges that Crowder "did possess a firearm . . . during the commission of a crime, to wit: the murder of Thurman Martin, and which crime is a felony."

[3] In its brief before this Court, the State has not addressed this claim of error.

*offenses of murder and armed robbery are felonies under the law of this state.*

(Emphasis supplied.) The trial court did not limit the jury's consideration of the evidence to the underlying felony offense of murder as specifically alleged in Count 4 of the indictment.

[I]t is error to give a charge stating that an offense may be committed in more than one manner when (1) only one manner is alleged in the indictment, and (2) facts in evidence raise a reasonable probability that the jury may have convicted the defendant of committing the offense in a manner not charged in the indictment.

(Citations omitted.) *Elrod v. State*, 238 Ga. App. 80, 83 (2) (517 SE2d 805) (1999). Here, the evidence that Crowder committed an armed robbery while in possession of the firearm was equally as strong as the evidence that Crowder was in possession of the firearm during the commission of the murder of Thurman Martin. Because there exists a reasonable probability that the jury convicted Crowder of possession of a firearm during the commission of an armed robbery rather than a murder as specifically alleged in Count 4, we reverse his conviction under Count 4 of the indictment.

*Judgment affirmed as to Counts 1, 2, and 3 of the indictment. Judgment reversed and remanded for a new trial as to Count 4. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 13, 2000.

*Hal T. Peel*, for appellant.
*J. Thomas Durden, Jr., District Attorney*, for appellee.