## S04A0777. HARDEN v. THE STATE.
### (597 SE2d 380)

THOMPSON, Justice.

Defendant Judson Harden was convicted of two counts of felony murder, armed robbery, and two counts of possession of a firearm in the commission of a crime.[1] On appeal, he enumerates error upon the sufficiency of the evidence and the effectiveness of trial counsel. Finding no error, we affirm.

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[1] The crimes occurred on June 11, 1999. Harden was indicted on June 22, 1999, and charged with two counts of malice murder, two counts of felony murder (predicated on the underlying felony of aggravated assault), one count of armed robbery, and two counts of possession of a firearm in the commission of a crime. Trial commenced on April 26, 2000, and the jury rendered its verdict the next day. The trial court sentenced Harden on May 26, 2000, to life on the felony murder counts, twenty years on the aggravated assault charge, and five years on the firearms charges, all to run consecutively. Harden filed a timely motion for a new trial which was denied on June 17, 2003. Pursuant to an order granting an out-of-time appeal, Harden filed a notice of appeal to the Court of Appeals on October 14, 2003. The Court of Appeals transferred the case to this Court on January 6, 2004. The case was docketed in this Court on January 13, 2004, and submitted for decision on the briefs on March 8, 2004.

The victims, James and Lisa Stone, met with Reginald Smith to purchase crack cocaine, and the trio drove to an area where defendant and others were purportedly selling drugs. James was behind the steering wheel, Lisa was in the passenger seat, and Smith was in the back seat. As they approached defendant and the others, James asked if they had any drugs. Christopher Cummings stood on the driver's side of the vehicle and handed James a package. Defendant positioned himself on the passenger side of the vehicle. James said, "This isn't real." James and Cummings argued over the purity of the product. Cummings displayed a rifle; defendant brandished a handgun and took $20 from the Stones. Cummings then fired his rifle one time; defendant fired his handgun five or six times, hitting James and Lisa. James died at the scene; Lisa died several days later.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It cannot be said that the evidence was insufficient simply because one eyewitness, an accomplice, testified pursuant to a negotiated plea; or that the identification testimony of another eyewitness, Reginald Smith, was "suspect." The testimony and credibility of the witnesses were matters solely within the province of the jury. *Jaxo v. State*, 272 Ga. 355 (1) (528 SE2d 807) (2000).

2. Trial counsel moved for a new trial, asserting the general grounds. Although he was replaced prior to the hearing by appellate counsel, the motion for new trial was not amended to assert a claim of ineffective assistance. Moreover, at the hearing upon the motion, appellate counsel argued only the sufficiency of the evidence; he presented no evidence whatsoever as to the effectiveness of trial counsel. It follows that appellate counsel did not assert a claim of ineffective counsel at the earliest practicable moment and that that claim is procedurally barred. *Ponder v. State*, 260 Ga. 840, 841 (400 SE2d 922) (1991); *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2004.

*Randolph Frails*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.