## S06A1963. SIMMONS v. THE STATE.

(637 SE2d 709)

SEARS, Chief Justice.

In 2004, Victor Lamar Simmons was convicted of malice murder, felony murder, aggravated assault, second degree cruelty to children, and related offenses for his role in the shooting death of Miller Jean and aggravated assault of Ritchie Buck.[1] Simmons appeals, arguing that he received ineffective assistance of counsel and that the trial court improperly excluded relevant evidence. Finding no merit to these contentions, we affirm the convictions.

1. The evidence presented at trial showed that during the evening of June 9, 2003, Simmons approached his neighbor, Miller Jean, who was walking from his car towards his Cartersville home with his daughter. Simmons pulled out a gun and shot Mr. Jean four times. Simmons got in his car, stopped briefly at his home, and then drove slowly past the victim's body before leaving the area. Mr. Jean died before paramedics arrived. A neighbor removed the victim's distraught daughter from the scene. It was later learned that Simmons and the victim had argued in the days preceding the murder.

Simmons then proceeded to the Atlantis Plastics factory, where he had been employed two years before. When he arrived at the factory, Simmons approached a supervisor named Ritchie Buck and shot him multiple times. Buck survived. Police apprehended Simmons outside the Atlantis Plastics factory, and Simmons asked repeatedly whether he had "got" both men.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Simmons guilty of the crimes for which he was convicted.[2]

2. Simmons claims that his attorney rendered ineffective assistance of counsel by failing to request a change of venue and by presenting an insanity defense rather than properly investigating and presenting Simmons' claims that his conduct resulted from the

---

[1] The crimes were committed on June 9, 2003. On October 23, 2003, Simmons was indicted by a Bartow County grand jury for malice murder, felony murder, first degree cruelty to children, second degree cruelty to children, discharging a firearm near a public street, aggravated assault, criminal trespass, two counts of possession of a firearm in the commission of a crime, and possession of a firearm by a convicted felon. On August 19, 2004, a Bartow County jury convicted Simmons of all counts except first degree cruelty to children. The felony murder conviction was vacated by operation of law and Simmons received a life sentence for malice murder plus 35 years for the remaining offenses. Simmons moved for a new trial on September 23, 2004, and amended that motion on March 28, 2006. A hearing on the motion was held on April 18, 2006, and the trial court denied the motion that same day. Simmons filed a timely notice of appeal. The case was docketed in this Court on July 27, 2006, and submitted for decision on the briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

constant harassment he endured in Cartersville. Because Simmons' ineffective assistance of counsel claim was not raised at the first practicable opportunity, however, the claim is waived.[3]

Although Simmons' trial counsel filed his initial motion for a new trial, he was then appointed a new attorney who filed an amended motion for new trial on his behalf.[4] That amended motion was the first practicable opportunity to raise his ineffective assistance of counsel claim, but the claim was not raised in the amended motion or addressed at the hearing on the amended motion for new trial. "[W]here new counsel appointed or retained after the trial amends the motion for new trial without raising the issue of ineffective assistance, the claim [is] waived."[5]

3. Simmons claims that the trial court erred by not allowing a certain Bartow County sheriff's deputy to testify. Because the deputy was never called as a witness, nor was the admissibility of his purported testimony ever raised, the issue is not preserved for appeal.[6]

4. Next, Simmons argues that the trial court erred by failing to issue a curative instruction after the district attorney alluded to facts not in evidence during his examination of a witness and during closing argument. Because Simmons made no contemporaneous objection to the allegedly improper statements by the district attorney, and the closing argument was not transcribed for appellate review, the issue is waived.[7]

5. Simmons claims that the trial court erred by denying Simmons the opportunity to open and conclude closing argument. Because Simmons introduced evidence other than his own testimony, specifically the testimony of Dr. Sam Perri, he did not have the right to open and conclude closing argument.[8]

---

[3] *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996).

[4] The record indicates that original trial counsel and counsel who filed the amended motion for new trial were not part of the same firm or public defender's office. See *Ryan v. Thomas*, 261 Ga. 661 (409 SE2d 507) (1991) (counsel cannot be expected to raise ineffective assistance of counsel claim against coworker in same law firm or public defender's office).

[5] *White v. Kelso*, 261 Ga. 32, 32 (401 SE2d 733) (1991). Compare *Bridges v. State*, 279 Ga. 351, 357 (613 SE2d 621) (2005) (ineffective assistance of counsel claims that are raised for the first time on appeal will be considered timely where defendant was represented by trial counsel until after the notice of appeal had been filed).

[6] *Bailey v. State*, 273 Ga. 303, 305 (540 SE2d 202) (2001).

[7] *Smith v. State*, 277 Ga. 213, 218 (586 SE2d 639) (2003).

[8] OCGA § 17-8-71 ("[a]fter the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed.") (amended by 2005 Ga. Laws Act 8 (H.B. 170)). We note that the 2005 amendments to OCGA § 17-8-71 are inapplicable to this case because the trial commenced prior to those amendments taking effect.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

Victor L. Simmons, *pro se.*

*T. Joseph Campbell, District Attorney, Erik J. Pirozzi, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.