## A07A1938. WRIGHT v. THE STATE.
### (651 SE2d 852)

BLACKBURN, Presiding Judge.

Following a jury trial, Joe Wright appeals his conviction of robbery by sudden snatching,[1] contending that the trial court erred by eliciting evidence of and commenting on Wright's refusal to make a post-arrest statement to police. Because the trial court induced an error of constitutional dimension, and because the error was not harmless, we must reverse the conviction and remand for a new trial.

Construed in favor of the verdict, *Short v. State*,[2] the evidence shows that at approximately 11:40 p.m., as Yolanda Coleman was on her way to her midnight work shift at a gas station, Wright approached her seeking a ride to a friend's house. Coleman recognized Wright as a former high school classmate and agreed to give Wright a ride. After Wright directed Coleman to a dark street, Coleman refused to drive any further, at which point Wright allowed Coleman to drop him off there. As Wright got out of Coleman's car, he snatched her purse, which contained cash and a credit card, and fled.

Initially recalling only Wright's first name, Coleman reported the crime at a gas station phone and continued on her way to work. Coleman later recalled Wright's last name and reported it to police. After Coleman identified Wright from a photographic lineup, police arrested Wright and charged him with robbery. Following a jury trial, Wright was convicted and his motion for new trial denied, giving rise to this appeal.

Wright contends that the trial court improperly elicited evidence of and commented on Wright's decision to remain silent upon arrest. We agree.

At the conclusion of Wright's cross-examination of the arresting officer (the State's final witness), the following colloquy took place:

Wright's Attorney: I have nothing further.
The Court: Who arrested him? Did you arrest the defendant for this offense?
A: Yes, sir.

---

[1] OCGA § 16-8-40 (a) (3).
[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

The Court: After you arrested him, did you advise him what he was charged with?

A: Yes sir.

The Court: Did you advise him of all of his Constitutional rights?

A: Yes sir.

The Court: Did he make any statement to you?

A: He refused, Your Honor.

The Court: He didn't want to talk to you, is that what you're saying?

A: Right.

Wright correctly points out that this was an error of constitutional dimension, in that the trial court's statement — "he didn't want to talk to you" — improperly commented on Wright's decision to invoke his *Miranda* rights.[3] See *Bly v. State*.[4] Cf. *Mallory v. State*[5] ("in criminal cases, a comment upon a defendant's silence . . . is far more prejudicial than probative"). It is "fundamentally unfair to simultaneously afford a suspect a constitutional right to silence following arrest and yet allow the implications of that silence to be used against him for either substantive or impeachment purposes." *Gibbs v. State*.[6]

In light of this error, we must determine whether the constitutional error was harmless.

> The true focus of this court's inquiry must be whether the testimony produced a trial which was so fundamentally unfair as to deny defendant due process. To reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.

---

[3] As Wright did not object to the trial court's questions or comment, we address this issue under the plain error rule. Under that rule, we may "notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." (Punctuation omitted.) *Sanchez v. State*, 234 Ga. App. 809, 811 (3) (508 SE2d 185) (1998). We find that the facts of this case (a trial court sua sponte commenting on the silence of a *Mirandized* defendant) present an exceptional circumstance, which, if we were to ignore it, would seriously affect the fairness, integrity, and public reputation of judicial proceedings.

[4] *Bly v. State*, 286 Ga. App. 43, 47 (4) (b) (648 SE2d 446) (2007).

[5] *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991).

[6] *Gibbs v. State*, 217 Ga. App. 614, 615 (458 SE2d 407) (1995).

(Citation and punctuation omitted.) *Gibbs v. State*, supra, 217 Ga. App. at 615.

Here, the comment was made not by the State's counsel, who could have been reprimanded, or by a witness, whose testimony could have been excluded from evidence, but by the trial judge himself, who, as the impartial arbiter, was in a unique, powerful position to influence jurors. Nor was the comment an inadvertent reference made during narrative testimony describing the arrest. See *Sims v. State*.[7] Rather, the trial court intentionally (1) elicited the evidence of Wright's silence and (2) proceeded to comment that "he didn't want to talk to you." Moreover, the judge's questions and comment occurred after Wright's counsel had completed his cross-examination of the State's final witness. Such timing suggests that the intent of the court's questions and comment was to rehabilitate the State's case and make an improper implication based on Wright's refusal to provide a post-arrest statement. Further, other than the testimony from the arresting officer (who did not arrest Wright until approximately two months after the alleged robbery), the entirety of the State's evidence consisted of the testimony of the victim, whose testimony Wright contradicted by testifying that he met the victim earlier in the evening and that she was lying to cover her drug use.

Finally, we note that the trial court did not provide any curative instructions addressing Wright's refusal to speak to the arresting officer. "While the lack of curative instructions may not support a conclusion that the erroneous comment on defendant's right to remain silent was harmful, it does constitute the absence of a circumstance sometimes noted in support of conclusions that similar errors are harmless." *Gibbs v. State*, supra, 217 Ga. App. at 616. Cf. *Sims v. State*, supra, 213 Ga. App. at 152 (2) (mistrial properly denied where witness's reference to defendant's silence was inadvertent and trial court gave prompt curative instruction).

"Under the circumstances of the case sub judice, it would be naive to suggest that the evidence [and comment] concerning defendant's silence did not weaken defendant's position in the minds of the jurors. . . ." *Gibbs v. State*, supra, 217 Ga. App. at 616. The evidence here amounted to one witness's word against another, and the trial court, by commenting that Wright "didn't want to talk to" the arresting officer at the end of Wright's cross-examination (without any relation to any prior line of questioning), "point[ed] directly at the substance of" Wright's defense, i.e., Wright's challenge to the credibility of the victim. Accordingly, we must reverse the conviction and remand for a new trial. Wright's remaining enumerations are moot.

---

[7] *Sims v. State*, 213 Ga. App. 151, 152 (2) (444 SE2d 121) (1994).

*Judgment reversed and case remanded. Bernes, J., concurs. Ruffin, J., concurs and concurs specially.*

RUFFIN, Judge, concurring and concurring specially.

I fully concur in the result reached by the majority opinion, as well as the reasoning the majority employs. I write separately only to clarify that in appropriate circumstances, a trial judge is free to question witnesses during trial. As noted by our Supreme Court, "[i]t has long been part of Georgia jurisprudence that a trial judge may propound questions to any witness for the purpose of developing fully the truth of the case, and the extent of such an examination is a matter for the trial court's discretion."[8] But a trial court may not question a witness in a manner that "expresses or intimates an opinion on the facts of the case or as to what has or has not been proved."[9] And the court cannot argue with a witness.[10]

I agree with the majority that by eliciting testimony regarding Wright's post-arrest silence — and by then rephrasing and further highlighting that testimony — the trial court weakened Wright's case and raised implications regarding his guilt.[11] Moreover, "[t]he jury easily could have interpreted the trial judge's remarks as an expression of opinion on the issues to be decided in the case."[12] Under these circumstances, the trial court's conduct "crossed the line" of proper questioning and seriously affected the fairness of the proceedings, requiring reversal.[13]

DECIDED SEPTEMBER 18, 2007.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[8] *Mullins v. State*, 269 Ga. 157, 158-159 (3) (496 SE2d 252) (1998).

[9] Id.; see also OCGA § 17-8-57 ("It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused.").

[10] See id.

[11] See *Gibbs v. State*, 217 Ga. App. 614, 615-616 (458 SE2d 407) (1995).

[12] *Paul v. State*, 272 Ga. 845, 848 (1) (537 SE2d 58) (2000).

[13] Id. at 848, 849 (3).