S09A0821. RUIZ v. THE STATE.
(686 SE2d 253)

THOMPSON, Justice.

Judgments of conviction were entered against Emmanuel Ruiz after a jury found him guilty of three counts of malice murder and possession of a handgun during the commission of a felony in connection with the shooting deaths of Joe Lurhman, David Carty, and Tracy Glover.[1] Ruiz appeals, claiming that he received ineffective assistance of trial counsel and counsel on motion for new trial, and

[1] The crimes were committed on September 26, 2001. An indictment was returned on

asserting error with regard to certain jury instructions. For the reasons that follow, we affirm the judgments of conviction.

Viewed in a light most favorable to the verdict, the evidence established that Ruiz had been paid $2,500 by Joe Lurhman, the proprietor of F. J.'s Tavern, to procure drugs. Ruiz, however, failed to deliver the drugs and on the afternoon of the shooting, Lurhman made several phone calls to Ruiz attempting to collect his money. That evening, Ruiz told a friend that he intended to go to F. J.'s Tavern to kill Lurhman and everyone else in the bar. Ruiz and co-defendant Terry Brandon Harper entered F. J.'s Tavern where Harper shot and killed Lurhman and bar patron David Carty. Ruiz fatally shot bartender Tracy Glover in the parking lot as she ran from the building after shots had been fired in the bar. Ruiz and Harper returned to Ruiz's apartment where they solicited help from a friend to dispose of the two murder weapons in nearby lakes. These were later retrieved by the police and identified as belonging to Ruiz.

Later on the night of the shooting, Ruiz telephoned his girlfriend and told her, "somebody went up to F. J.'s Tavern and took everyone out." He admitted to her that he shot a woman in the parking lot because she could have been a witness to the other shootings. Harper told others that he shot Lurhman and another man who happened to be in the bar. Each victim died of multiple gunshot wounds.

At trial, Ruiz acknowledged through his attorneys that he shot and killed Glover as she ran through the parking lot, but he claimed that he "panicked" and shot her in self-defense.

1. The evidence was sufficient for a rational trier of fact to find Ruiz guilty beyond a reasonable doubt of three counts of murder and

October 30, 2001, charging Ruiz and co-defendant Terry Brandon Harper with malice murder (three counts); felony murder while in the commission of an aggravated assault (three counts); aggravated assault with a deadly weapon (three counts); and possession of a weapon during the commission of a felony (one count). Trial commenced on August 20, 2003, and on August 27, 2003, a jury found Ruiz guilty as charged. He was sentenced on August 29, 2003, to three consecutive terms of life imprisonment for malice murder plus five consecutive years on the weapons offense. The alternative felony murder counts were vacated by operation of law and the aggravated assault counts were merged for purposes of sentencing. See *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Ruiz filed a motion for new trial on September 5, 2003, which he amended on December 8, 2004. The motion for new trial as amended was denied on September 16, 2005. A notice of appeal for Ruiz was filed on October 14, 2005. On January 9, 2006, the trial court appointed the public defender's office to represent Ruiz in further appellate proceedings. On February 14, 2006, the court entered an order vacating its September 16, 2005 order for the limited purpose of allowing Ruiz to assert a claim of ineffective assistance of trial counsel and for the filing of a new notice of appeal following a decision as to that issue. New counsel ("counsel on motion for new trial") entered his appearance on behalf of Ruiz on August 1, 2006. On September 29, 2008, the trial court entered an order denying a motion for new trial. Counsel on motion for new trial filed a notice of appeal on October 9, 2008. Current appellate counsel entered his appearance as counsel for Ruiz and filed another notice of appeal on his behalf on October 21, 2008. The case was docketed in this Court on February 6, 2009. Oral argument was heard on May 4, 2009.

148

possession of a weapon during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ruiz asserts that he was denied effective assistance of counsel at trial and on motion for new trial. Alternatively, he has moved this Court to remand his case to the trial court for an evidentiary hearing as to both claims. The State opposes the motion for remand on the ground that Ruiz has waived his claim of ineffective assistance of trial counsel by failing to raise it at the first practicable moment, i.e., during the motion for new trial proceedings which were reopened expressly for that purpose.

(a) *Trial counsel.* After conviction, trial counsel filed a timely motion for new trial on behalf of Ruiz. An order denying the motion for new trial, as amended, was entered on September 16, 2005. In a subsequent order, the trial court appointed new counsel on motion for new trial ("motion counsel") to represent Ruiz and also vacated its September 16, 2005 order for the stated "limited purpose of allowing a claim of ineffective assistance of trial counsel to be raised and heard at the earliest practicable time." Motion counsel entered an appearance on behalf of Ruiz and amended the motion for new trial, but raised no claim of ineffective assistance of trial counsel and the issue was not asserted during a hearing on the motion. The trial court denied the motion for new trial on September 29, 2008, and motion counsel filed a timely notice of appeal from that order, pursuant to which the case was docketed in this Court. Thereafter current appellate counsel entered his appearance on behalf of Ruiz and filed another notice of appeal from the September 29, 2008 order.

We agree that the claim of ineffective assistance of trial counsel has been waived since motion counsel had the opportunity to raise it, but did not do so. See *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987) ("Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion."). See also *Harden v. State*, 278 Ga. 40 (2) (597 SE2d 380) (2004). Under the circumstances, the only means by which Ruiz may pursue a claim of ineffective assistance of trial counsel is in a habeas corpus proceeding.

(b) *Counsel on motion for new trial.* To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the earliest practicable opportunity of post-conviction review or the issue is waived. *Simmons v. State*, 281 Ga. 437 (2) (637 SE2d 709) (2006); *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986). Current appellate counsel did not undertake his representation of Ruiz until after the motion for new trial was denied and a notice of appeal had been filed. Thus, current counsel did not have the

opportunity to challenge the effectiveness of motion counsel prior to this appeal.

"Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, [our appellate courts] remand the case to the trial court for an evidentiary hearing on the issue." *Rosser v. State*, 276 Ga. App. 261 (2) (623 SE2d 142) (2005). The inquiry now before this Court is "whether the trial court would have granted a new trial if the claim of ineffectiveness [of trial counsel] had been raised by motion counsel." *Hayes v. State*, 262 Ga. 881, 883 (3) (a) (426 SE2d 886) (1993). Remand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Hayes*, supra at 883 (3). See also *Wilson v. State*, 286 Ga. 141 (686 SE2d 104) (2009) (when the issue of trial counsel's ineffectiveness has been raised on motion for new trial, any claims of ineffective assistance of trial counsel not raised at that time are waived; therefore, remand is improper). Under *Strickland*, a defendant must show that trial counsel's performance was professionally deficient, and but for counsel's unprofessional errors, there exists a reasonable probability that the outcome of the proceeding would have been more favorable. *Hayes*, supra.

Ruiz submits that counsel on motion for new trial rendered ineffective assistance because he failed to assert a claim of ineffective assistance of trial counsel. More specifically, Ruiz submits that trial counsel was ineffective on the sole ground that he failed to request a jury instruction on impeachment involving a crime of moral turpitude as this allegedly related to a witness for the State. The State presented overwhelming evidence from several witnesses that Ruiz and Harper planned and executed the attack on Luhrman, and that Carty was also killed in the melee. Ruiz admittedly shot and killed Glover in the parking lot as she attempted to escape from the scene. Even assuming arguendo that trial counsel's failure to request the charge constituted deficient performance, we find no reasonable probability on the record before the Court that the outcome of the trial would have been different had the charge been requested. See generally *Washington v. State*, 285 Ga. 541 (3) (b) (678 SE2d 900) (2009). Thus, Ruiz has failed to show that motion counsel's failure to raise the claim as evidence of ineffective assistance of trial counsel would have resulted in a new trial. *Hayes*, supra at 883 (3) (a). The result would be the same were we to assess motion counsel's performance under the standard for evaluating effectiveness of appellate counsel under *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002) and *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838)

150

(1998). Since the failure to request the charge on impeachment would not result in a new trial, Ruiz has failed to show that it was an unreasonable tactical move which no competent attorney in the same situation would have made. *Shorter*, supra. It follows that remand is not mandated.

3. Ruiz contends that the trial court improperly instructed the jury that "[a]cquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36.

Recognizing that the potential prejudice of any comment upon a criminal defendant's silence or failure to come forward far outweighs its minimal probative value, this Court in *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991) (overruled on other grounds by *Chapel v. State*, 270 Ga. 151 (4) (510 SE2d 802) (1998)), held that such a comment will no longer be allowed in a criminal case. See also *Reynolds v. State*, 285 Ga. 70 (673 SE2d 854) (2009) (reiterating the holding in *Mallory*). And by implication, it follows that a charge in the language of OCGA § 24-3-36 has no place in a criminal trial because it can be construed as a comment on defendant's constitutional right to remain silent.

> However, it does not follow that reversal is required. First . . . erroneous jury instructions are not judged in isolation, but rather are considered in the context of the entire jury charge and the trial record as a whole to determine whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution. [Cit.] Second, an erroneous jury charge is not reversible unless it causes harm.

(Punctuation omitted.) *Bridges v. State*, 268 Ga. 700, 703 (2) (b) (492 SE2d 877) (1997).

> Improper reference to a defendant's silence does not automatically require reversal; the error may be found to be harmless beyond a reasonable doubt. [Cit.] "The determination of harmless error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt." [Cit.]

*Allen v. State*, 272 Ga. 513, 515 (5) (530 SE2d 186) (2000). See also *Williams v. State*, 268 Ga. 452, 454 (3) (490 SE2d 381) (1997) (officer's improper comment on defendant's right to remain silent

constituted harmless error where the statements "did not strike at or 'point directly at the substance of defendant's defense' "); *Bruce v. State*, 268 Ga. App. 677 (2) (603 SE2d 33) (2004); *Taylor v. State*, 254 Ga. App. 150, 152 (3) (561 SE2d 833) (2002).

The erroneous charge in this case was given in the context of a larger charge on impeachment of witnesses. It was immediately followed by a pattern instruction that the defendant is under no duty to present evidence or to testify and "[i]f the defendant elects not to testify, no inference hurtful, harmful, or adverse to the defendant shall be drawn by the jury." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.32.10.[2] We find that the charge as a whole contained sufficient clarity so as not to mislead the jury concerning the exercise of the right to remain silent. With regard to the prejudice factor, Ruiz suggests that his failure to advise law enforcement officers at the time of his arrest that he shot Glover in self-defense may be construed by the jury as an admission. But this supposition is far too tenuous and speculative to provide the necessary harm. In fact, our review of the record reveals that there was no reference at trial which could be construed as a comment on Ruiz's exercise of his right to remain silent. In addition, the evidence of guilt was overwhelming, and the erroneous charge in no way pointed directly at the substance of Ruiz's defense. *Williams*, supra at 454 (3).

Contrary to the dissent's suggestion, neither *Reynolds*, supra, nor *Wright v. State*, 287 Ga. App. 593 (651 SE2d 852) (2007) holds that the giving of an instruction in the language of OCGA § 24-3-36 can never be considered harmless error in a criminal case. In *Reynolds*, the Court refused to restrict the prohibition in *Mallory* to situations where the defendant failed to act or speak before his arrest, holding that it is also impermissible to comment on a defendant's silence while in custody and at trial. In *Wright*, supra, the trial court committed an error of constitutional magnitude when, in the presence of the jury, the court questioned the investigating officer and elicited evidence of the defendant's invocation of the right to remain silent, thereby derailing the substance of his defense. But the *Wright* court went on to determine whether the constitutional error was harmless, noting that in order "[t]o reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.' [Cit.]" *Wright*, supra at 594. See also *Williams*, supra. Finding under the circumstances that "the intent of the court's questions and comment was to rehabilitate the State's case and make an improper implica-

---

[2] Ruiz did not testify at trial.

152

tion based on Wright's refusal to provide a post-arrest statement," *Wright*, supra at 595, the error could not be considered harmless.[3]

Analyzing the error in this case under the test set forth in *Allen*, supra at 515 (5), we hold that the improper jury instruction was harmless beyond a reasonable doubt.

4. Citing *Crowder v. State*, 241 Ga. App. 818 (3) (b) (527 SE2d 901) (2000), Ruiz also asserts that the trial court erroneously instructed the jury that the offense of possession of a weapon during the commission of a crime could be committed in a manner other than that alleged in the indictment. In *Crowder*, the indictment limited the illegal weapon possession offense to the crime of murder, but the trial court erroneously charged that the weapon offense could be committed during a murder or armed robbery, and there was evidence from which a jury could conclude that Crowder possessed the weapon while in commission of an armed robbery. Thus, the court found a reasonable probability that the jury convicted Crowder of possession of a weapon in a manner not alleged in the indictment.

In the present case, the trial court charged as follows: "Any person who shall have on or within arm's reach of his person a firearm during the commission of, or the attempt to commit any crime against or involving the person of another, is guilty of possession of a firearm during the commission of certain crimes." The indictment charged Ruiz with possession of "a handgun during the commission of at least one of the following felonies; to wit, murder, felony murder, or aggravated assault." The trial court read the indictment to the jury prior to the commencement of trial and gave the legal definition of malice murder, felony murder, and aggravated assault in its final jury instructions. Unlike *Crowder*, the court's instructions were sufficiently clear as to which felonies Ruiz was alleged to have committed while possessing a firearm. Thus, we find no reasonable probability that the jury was misled.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., and Hines, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

Because I disagree with the majority's conclusion in Division 3 that the trial court's error in instructing the jury using the language of OCGA § 24-3-36 was harmless, I must respectfully dissent. By

---

[3] This Court has also applied a harmless error analysis to *Mallory* violations in the context of an ineffective assistance of counsel claim. See *Lampley v. State*, 284 Ga. 37 (2) (b) (663 SE2d 184) (2008) and *Jackson v. State*, 282 Ga. 494 (2) (651 SE2d 702) (2007) (where the evidence of guilt was overwhelming, *Mallory* violations failed to satisfy prejudice prong of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)).

charging the jury that "acquiescence or silence when the circumstances require an answer, a denial, or other conduct, may amount to an admission," the trial court commented on Ruiz's silence in violation of his right against self-incrimination under the Georgia Constitution.[4] See Ga. Const. of 1983, Art. I, Sec. I, Par. XVI. This Court has long maintained a "bright-line evidentiary rule" that in criminal cases a comment on a defendant's silence or failure to come forward is not permitted because the prejudice resulting therefrom is "indisputable." *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009), discussing *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991). The comment here was especially prejudicial because it "was made not by the State's counsel, who could have been reprimanded, or by a witness, whose testimony could have been excluded from evidence, but by the trial judge himself, who, as the impartial arbiter, was in a unique, powerful position to influence jurors." *Wright v. State*, 287 Ga. App. 593, 595 (651 SE2d 852) (2007) (reversing conviction where trial court elicited evidence of and commented on defendant's decision to remain silent upon arrest). Accordingly, I would recognize that erroneously instructing the jury on the language of OCGA § 24-3-36 in the context of a criminal trial cannot be considered harmless.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED NOVEMBER 9, 2009.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

---

[4] The transcript of the charge conference contains no discussion of this particular charge. Although the general pattern jury instructions for civil trials include a charge on OCGA § 24-3-36, see Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 02.171, this charge is properly not a part of the pattern jury instructions for criminal trials. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.).