# Court of Appeals
# of the State of Georgia

ATLANTA, October 10, 2012

*The Court of Appeals hereby passes the following order:*

## A12A2085. GILBERT v. THE STATE.

David Abbott, the recently retained appellate counsel for the appellant, Joseph Gilbert, has filed an entry of appearance and a motion to remand the instant case to the trial court so that Abbott may pursue claims of ineffective assistance of Gilbert's trial counsel and previous appellate counsel.

The record shows that Gilbert was represented at trial by attorney Richard Smith. Following his drug convictions, Gilbert filed a motion for new trial pro se, asserting the general grounds. Attorney Elizabeth Lane was subsequently appointed to serve as appellate counsel. Four months before the new trial hearing, however, the case was re-assigned to another public defender, Hope Demps. Neither Lane nor Demps filed an amended motion for new trial. Demps represented Gilbert at the motion hearing and argued the general grounds; she did not raise an ineffective assistance claim, nor did she call any witnesses.

After the trial court denied the motion for new trial, Demps filed a timely notice of appeal, and this case was docketed in this Court on June 15, 2012. Demps filed a brief on behalf of Gilbert, asserting that there was insufficient evidence to support his convictions and that the trial court abused its discretion by prohibiting trial counsel from calling certain defense witnesses.

In the instant motion to remand, Abbott raises numerous allegations of ineffective assistance by trial and appellate counsel. "Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue." (Citation and punctuation

omitted.) *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009). We conclude that, because previous appellate counsel failed to amend Gilbert's motion for new trial or assert a claim of ineffective assistance by trial counsel in the court below, and because new appellate counsel Abbott was not retained by Gilbert until after this case was docketed in this Court, this appeal presents the earliest practicable opportunity for Abbott to raise the ineffective assistance claims. See id. As a result, such claims were not waived. See id.

Consequently, we GRANT the instant motion and REMAND this case to the trial court for further proceedings on the ineffective assistance claims.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __10/10/2012__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*