adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein.*

No. 80–5514. SEAY *v.* ALABAMA. Sup. Ct. Ala. Certiorari denied. JUSTICE STEWART would grant certiorari. ▆▆

No. 80–5823. DILDINE *v.* DILDINE ET AL. Sup. Ct. S. C. Certiorari denied. JUSTICE MARSHALL would grant certiorari.

No. 80–5854. CAPE *v.* GEORGIA. Sup. Ct. Ga. Certiorari denied. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 80–320. COSTELLO *v.* BOARD OF APPEALS OF THE TOWN OF CONCORD, *ante,* p. 1011;

No. 80–391. AKERS *v.* COMMISSIONER OF INTERNAL REVENUE, *ante,* p. 993;

No. 80–555. COTA *v.* COUNTY OF LOS ANGELES ET AL., *ante,* p. 1014; and

No. 80–5493. LEVASSEUR *v.* HAWAII, *ante,* p. 1018. Petitions for rehearing denied.

---

*Respondent argues that petitioner waived his double jeopardy claim in the proceedings below. Respondent's arguments are meritless.