## 43997. HENDRICK v. THE STATE.
### (354 SE2d 433)

WELTNER, Justice.

Hendrick was convicted of malice murder in the death of her stepson, and was sentenced to life imprisonment.[1]

Hendrick brought the bruised and unconscious child to the hospital, where he died several days later from his injuries. She testified that the child had fallen out of bed. She stated that he was generally uncoordinated and bruised easily.

1. Hendrick alleges that the circumstantial evidence was insufficient for a rational trier of fact to find her guilty of murder. The physician who treated the child and the county medical examiner testified that the child's injuries were extensive; that they had occurred over time; and that they were not consistent with a single fall to the floor. Additionally, a nurse who had examined the child approximately a month before his death testified that he suffered from various injuries; that the stepmother did not seem concerned; and that she (the nurse) had contacted the local Department of Family and Children Services to investigate. The evidence is sufficient to sustain the conviction under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hendrick alleges that certain veniremen were excused improperly prior to the trial. The chief judge issued written guidelines for the excusal of jurors, in accordance with OCGA § 15-12-1 (a), authorizing the clerk of the court to carry out the procedure. In this case, the clerk delegated the duty of handling excusals to the court administrator and the chief deputy clerk. By statute, the deputy clerk has

---

[1] The child died February 10, 1984. Hendrick was convicted on March 20, 1985 and sentenced on the malice murder charge on March 22, 1985. The notice of appeal was filed on March 26, 1985. The transcript was certified on October 3, 1986. The case was docketed in this court on October 27, 1986 and was submitted on December 12, 1986.

the same powers and duties as those of the clerk of the court. OCGA § 15-6-59. The court administrator (who excused some veniremen) does not have such power. See OCGA § 15-6-28 as follows: "[the] court administrator shall perform such duties and services as shall be prescribed by the judge." He was not authorized expressly by the chief judge to excuse jurors. While we do not approve such practice, Hendrick does not contend that the court administrator failed to follow the written guidelines. "We do not find here such disregard of the essential and substantial provisions of the statute as would vitiate the arrays." *Franklin v. State*, 245 Ga. 141, 147 (263 SE2d *666*) (1980). See also *Joyner v. State*, 251 Ga. 84, 85 (3) (303 SE2d 106) (1983), and *Lumpkin v. State*, 255 Ga. 363 (338 SE2d 431) (1986). We decline to reverse for this irregularity.

3. Hendrick contends that the trial court should have granted her motion to exclude the results of a polygraph examination. She asserts that the results are invalid because the examiner was not objective. Hendrick testified that the examiner made statements to her before, during, and after the interview that demonstrated bias. The examiner disputed her testimony. He testified that he administered a standard type polygraph examination, and made no such biased statements to Hendrick. The polygraph examination results were admissible because both parties agreed beforehand that the examination would be given and the results admitted. *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977). The issue of the examiner's objectivity goes to the weight of the testimony. The jury was instructed that it could weigh the polygraph examiner's testimony and disregard it if they chose. There was no error.

4. Hendrick alleges that the trial court's failure to grant her motion for mistrial was error. A pediatrician testifying as an expert on child abuse cases stated that child abuse was responsible for the death of over two thousand children a year in this country. Hendrick then moved for a mistrial. The trial court gave curative instructions to the jury to disregard this statement and to base their determination of the cause of this child's death on the facts of *this* case, and not upon statistics from other jurisdictions. The trial court did not abuse its discretion in denying the motion for a mistrial. *Flowers v. State*, 252 Ga. 476 (2) (314 SE2d 206) (1984). There was no error.

5. Hendrick contends that the trial court should have granted her motion for directed verdict. She alleges that the doctor failed to treat the child properly and that his negligence was an intervening cause of death. The evidence did not demand a verdict of acquittal and it was not error to refuse to direct such a verdict in favor of Hendrick. *Campbell v. State*, 136 Ga. App. 338, 342-3 (5) (221 SE2d 212) (1975).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1987.

K. Van Banke, for appellant.

Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General, for appellee.