### A95A0232. GIBBS v. THE STATE.
(458 SE2d 407)

McMURRAY, Presiding Judge.

Defendant Gibbs appeals his conviction of "criminal attempt of robbery by intimidation." *Held*:

Both of defendant's enumerations of error relate to a question asked by the prosecuting attorney of a police officer who had participated in the investigation of the crime of which defendant was convicted. The question was: "All right, now, Officer Gervin, once you had Mr. Gibbs in custody, did he provide you with any statement?" The officer answered: "I advised him of his rights and he refused to give a statement." Defense counsel immediately requested the opportunity to present a motion out of the presence of the jury but was required to wait until the conclusion of the trial to submit a motion for mistrial on the grounds that the quoted exchange was an impermissible comment on defendant's exercise of his right to remain silent. The motion for mistrial was overruled, and on appeal defendant continues to maintain that this testimony was an improper reference to the exercise of his right to remain silent.

Contrary to the State's contention, defendant's motion for mistrial was timely. Immediately following the question and answer at issue, defense counsel sought to submit a motion for mistrial. The delay in presenting this motion was attributable to the directions of the

trial court, that the case be finished and the motion be taken up later. Defense counsel was not required to place himself in contempt by contravening the directions of the trial court in order to preserve the issue he sought to present.

We agree that the record shows an error of constitutional dimension. Even though there was not detailed testimony in this regard, the rights of which defendant was advised were apparently those set out in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) and thus included the advising of defendant's right to remain silent and a warning that any statement he made could and would be used against him. It has been held to be fundamentally unfair to simultaneously afford a suspect a constitutional right to silence following arrest and yet allow the implications of that silence to be used against him for either substantive or impeachment purposes. *Doyle v. Ohio*, 426 U. S. 610, 619 (96 SC 2240, 49 LE2d 91). See also *United States v. Shaw*, 701 F2d 367, 381 and *Durden v. State*, 250 Ga. 325, 327 (3) (297 SE2d 237).

The remaining question is whether the constitutional error was harmless. The method for resolving this issue has evolved somewhat over time from early attempts to provide rigid categorization of various circumstances to the realization that a case-by-case analysis is necessary. *United States v. Shaw*, 701 F2d 367, 382-383, supra; *Hill v. State*, 250 Ga. 277, 281 (4), 283 (295 SE2d 518). "The true focus of this court's inquiry must be whether the testimony produced a trial which was so fundamentally unfair as to deny defendant due process. *Smith v. State*, 244 Ga. 814, 815 (262 SE2d 116) (1979). 'To reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury. . . .' *Cape v. State*, 246 Ga. 520, 523 (272 SE2d 487) (1980) cert. den. 449 U. S. 1134 (101 SC 956, 67 LE2d 121) (1981). See also *Harrell v. State*, 249 Ga. 48 (288 SE2d 192) (1982)." *Duck v. State*, 250 Ga. 592, 595 (300 SE2d 121).

There are a number of factors which may be identified as relevant to the question of whether the error was harmful. While the transcript shows the question asked by the prosecuting attorney and that the officer's answer was responsive to the question asked, the State argues that a more innocuous question was intended and that the comment to defendant's right to remain silent was not intended as an instrument of argument of defendant's guilt. However, this argument is contradicted by the transcript. Following the violation enumerated, the prosecuting attorney made further reference to defendant's decision to remain silent by asking the officer, "All right, so when *he did not give you a statement*, did you question him further?" (Emphasis supplied.) After receiving a negative response, the

prosecuting attorney moved on to inquire concerning the victim's statement and received testimony that the victim had made a statement which was consistent with his testimony at trial. This sequence of events has the effect of contrasting defendant's silence with evidence that the victim had given a statement, and with bolstering of the victim's testimony via evidence that his statement was consistent with his testimony at trial.

Defendant presented no evidence at trial and rested his defense upon questioning the credibility of the identification made by the victim who was confronted by the perpetrator of the crime for only a few seconds. The identification testimony of one witness who has only a brief opportunity to view a perpetrator not previously known does not amount to the overwhelming evidence such as has been noted to support a conclusion of harmless error in other cases dealing with a similar constitutional error. *Cape v. State*, 246 Ga. 520, 522 (2), 523, supra. Under the circumstances of the case sub judice, it would be naive to suggest that the evidence concerning defendant's silence did not weaken defendant's position in the minds of the jurors, particularly in view of the juxtaposition of the comment on defendant's silence and the evidence concerning the statement of the victim.

Contrary to the State's assertion, there were no curative instructions given to the jury. While a reference during colloquy immediately preceding the charge of the jury advances the possibility of the trial court instructing the jury concerning defendant's right to remain silent and while the jury charge contains instructions that no inference should be taken from defendant's decision not to testify or otherwise present evidence, there is nothing in the jury charge directed towards correcting the error at issue, the comment on defendant's right to remain silent following his arrest. While the lack of curative instructions may not support a conclusion that the erroneous comment on defendant's right to remain silent was harmful, it does constitute the absence of a circumstance sometimes noted in support of conclusions that similar errors are harmless. *Hill v. State*, 250 Ga. 277, 282, supra.

Under the particular facts and circumstances of the case sub judice, the constitutional error must be deemed harmful and reversible error. Defendant's motion for mistrial should have been granted.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 19, 1995.

T. Lee Bishop, Jr., for appellant.
Britt R. Priddy, District Attorney, Gregory W. Edwards, Assis-

*tant District Attorney*, for appellee.