## A01A0861. McKAY v. THE STATE.
### (553 SE2d 672)

MILLER, Judge.

Willie McKay appeals from his convictions for armed robbery, five counts of false imprisonment, and possession of a firearm during

---

the commission of a felony, contending that the evidence was insufficient to sustain the verdict. We affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that during the early morning hours of July 4, 1999, a masked man with the same physical characteristics as McKay walked into a Shoney's restaurant in Columbus, while brandishing a gun. After locking six Shoney's employees in a freezer, he forced the manager to open the safe and then locked the manager in the freezer with the other employees. By the time the employees managed to escape from the freezer, they found that the individual was nowhere to be found and that all of the money had been removed from the safe and the manager's office except for a few rolls of coins.

One of the employees who had been locked in the freezer told the other employees that she recognized the voice of the man who forced them into the freezer. The night prior to the robbery, the employee and a co-worker had received a ride home from a man who she believed was the same man who robbed the restaurant. The police questioned the employee about the robbery, and in a photographic lineup she identified McKay as the man who had given her a ride home from the restaurant the previous night and as the person whose voice she recognized as the robber.

At trial the State introduced evidence of three other armed robberies for which McKay had been arrested. All of the other robberies involved the use of a gun similar to the gun used in the Shoney's robbery and employees being locked in a confined area or being forced to lie on the ground while the robber took the money. Two of the other transactions also involved the robber taking money while leaving the coins.

McKay contends that the Shoney's employee's voice identification of him and the similar transactions evidence against him were insufficient to sustain his convictions since the voice identification could have been inaccurate and the other transactions were not similar enough to allow the jury to identify McKay as the individual involved in the Shoney's robbery.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent

evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[1]

The jury's verdict was authorized by the evidence. The employee who identified McKay was familiar with his voice and his physical build,[2] and the circumstantial evidence of similar transactions was appropriate for the jury to consider as additional evidence to conclude that McKay was the individual who robbed the Shoney's restaurant.[3] "The voice identification testimony and the circumstantial evidence were more than sufficient to enable a rational trier of fact to find defendant guilty of the offenses for which he was convicted beyond a reasonable doubt."[4]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 8, 2001.

*Clark C. Adams, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.

---

[1] (Citations and punctuation omitted.) *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

[2] See, e.g., *Stirrat v. State*, 226 Ga. App. 350, 351 (486 SE2d 640) (1997).

[3] *Leaver v. State*, 211 Ga. App. 876, 877 (1) (440 SE2d 760) (1994).

[4] (Citation omitted.) *Stevanus v. State*, 185 Ga. App. 7, 10 (1) (363 SE2d 322) (1987).