## A08A0921. JOHNSON v. THE STATE.
(667 SE2d 637)

SMITH, Presiding Judge.

A jury found Tony Devarick Johnson guilty of aggravated assault and kidnapping.[1] Johnson appeals, challenging the sufficiency of the evidence. He also claims that he received ineffective assistance of counsel at trial. Although we find the evidence sufficient, we agree that trial counsel was ineffective and reverse.

1. In reviewing Johnson's sufficiency challenge, we construe the evidence favorably to the jury's verdict. *McKay v. State*, 251 Ga. App. 115, 116 (553 SE2d 672) (2001). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find Johnson guilty beyond a reasonable doubt. Id.

So viewed, the evidence shows that Johnson began working at a J. R. Crickets Restaurant in August 2005. The victim, who was the restaurant manager, testified that Johnson was talkative, and they often had conversations. According to the victim, Johnson had a distinctive, easily recognizable voice.

Johnson was fired in early January 2006. Approximately one month later, the victim was closing and cleaning the restaurant around 1:30 a.m. when a man entered through the back door. The man, whose face was covered by a scarf, placed a gun to the victim's head and ordered him to open the restaurant safe, stating: "If you don't open that safe, I'm going to shoot you." The man then pushed the victim, who was confined to a wheel chair, toward a utility closet where the restaurant's safe was located. When the victim protested that he could not unlock the safe, the man again threatened to shoot and indicated that he had been watching the restaurant for four months. Based on the man's voice, the victim recognized him as Johnson.

The victim testified that he reached for the gun, but Johnson regained control after a brief struggle and ordered him to open the

---

[1] The jury found Johnson not guilty of a second aggravated assault charge, and the trial court directed a verdict for Johnson as to a third.

safe. The victim repeated that he could not open it, and Johnson stepped out the back door, allowing the victim to lock the barred security door behind him. According to the victim, he shouted, "Tony, I know that's you," and Johnson fled.

The police arrived a short time later, and the victim identified the intruder as Johnson. A police dog picked up a scent near the restaurant's back door, but lost the scent on a trail in the woods. Later that night, officers interviewed Johnson's mother, who lived less than a mile from the restaurant in a neighborhood that could be reached through the woods where the police dog tracked the scent. Although Johnson was not at his mother's home when the police arrived, his mother reported that he had been there when she went to bed at midnight.

Johnson testified in his own defense, denying any involvement in the incident. According to Johnson, he left his mother's house around 11:30 p.m. that night and went home. The jury, however, evidently disbelieved Johnson, finding him guilty of aggravated assault and kidnapping.

On appeal, Johnson argues that we must reverse his conviction because the evidence, including the victim's voice identification, was insufficient to connect him to the crimes. We disagree. In addition to the identification testimony, the State offered evidence that the masked individual who entered the restaurant was familiar with the restaurant's closing procedure and layout, particularly the hidden location of the safe. Given this knowledge, as well as evidence that Johnson had recently been fired from the restaurant, his proximity to the restaurant that night, and the voice identification, the jury was authorized to find him guilty beyond a reasonable doubt of aggravated assault by placing a gun to the victim's head and kidnapping by moving the victim's wheel chair toward the safe. See OCGA § 16-5-21 (defining aggravated assault); OCGA § 16-5-40 (defining kidnapping); *McKay*, supra, 251 Ga. App. at 117 (voice identification evidence, combined with other circumstantial evidence, sufficient to link defendant to crimes charged); *Whitehead v. State*, 232 Ga. App. 140, 140-141 (1) (499 SE2d 922) (1998) (voice identification testimony and gunman's knowledge of restaurant's layout authorized jury to find ex-employee guilty of armed robbery and aggravated assault); see also *Lyons v. State*, 282 Ga. 588, 591 (1) (652 SE2d 525) (2007) ("The requirement of asportation to prove kidnapping is satisfied if there is movement of the victim, however slight that movement is.") (citation omitted).

2. Alternatively, Johnson argues that he received ineffective assistance of counsel at trial. To succeed in this claim, he must demonstrate both that trial counsel's performance was deficient and that the deficiency prejudiced his defense. See *Goldstein v. State*, 283

Ga. App. 1, 4 (3) (640 SE2d 599) (2006). Prejudice arises when "a reasonable likelihood exists that but for counsel's deficiency the outcome of the trial would have been different." (Citation omitted.) Id.

(a) The State called Johnson's mother as a witness at trial. While questioning the mother, the prosecutor elicited testimony establishing that Johnson knew the police were looking for him in connection with the restaurant crimes, but did not contact the authorities. Johnson argues that trial counsel should have objected to this line of questioning. We agree.

Johnson's trial counsel testified at the new trial hearing that he did not find the questions — or any inferences raised by them — objectionable. In 1991, however, our Supreme Court held that the State may not comment at trial "upon a defendant's silence or failure to come forward," even when the defendant testifies on his own behalf. *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991). The *Mallory* Court found such comments "far more prejudicial than probative." Id.

Through her examination of Johnson's mother, the prosecutor presented evidence that Johnson failed to come forward to authorities, despite his knowledge that the police wanted to speak with him regarding the crimes. The prosecutor's questioning — and the resulting testimony — was improper and objectionable. See *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007); see also *Mallory*, supra, 261 Ga. at 630 (5). The prosecutor compounded the problem during her cross-examination of Johnson when she again established that Johnson "didn't do anything" upon learning that officers were looking for him.

Moreover, the transcript of the motion for new trial hearing shows that trial counsel testified that failure to object to these improper questions arose not from strategy, but from his mistaken belief that they were not objectionable. We must conclude, therefore, that counsel's performance was deficient, leaving us to consider whether the deficiency prejudiced Johnson's defense. See *Hines v. State*, 277 Ga. App. 404, 407-408 (2) (626 SE2d 601) (2006) (counsel's failure to object to improper comment on defendant's decision to remain silent constituted deficient performance).

As noted above, the evidence was sufficient to support the jury's verdict. But the State's case, which rested on the victim's voice identification, Johnson's knowledge of the restaurant, and his presence near the scene that night, was not overwhelming. See *Whitehead*, supra, 232 Ga. App. at 142 (2) (trial evidence not overwhelming where case turned on the victim's voice identification and circumstantial evidence regarding the defendant's knowledge of premises).

Furthermore, Johnson offered contrary evidence in his defense. He specifically denied involvement in the crimes, asserting that he was at his home in another part of the city at the time. He also testified about "bad blood" between himself and the victim, who, according to Johnson, abused him and treated him like "an animal" when he worked at the restaurant, causing him to complain to the restaurant owner. Finally, Johnson asserted that the victim often placed cash receipts in the restaurant safe during business hours, raising the possibility that others, including customers, knew the safe's location.

The proof connecting Johnson to the crimes was limited, and the primary evidence — the voice identification — required the jury to weigh the victim's credibility, which Johnson challenged. See *Whitehead*, supra, 232 Ga. App. at 142 (2). Although jurors ultimately chose to believe the victim, there is a reasonable probability that an improper inference of guilt, raised by Johnson's failure to come forward, influenced this decision. See *Maynard v. State*, 282 Ga. App. 598, 601-602 (2) (639 SE2d 389) (2006) (comment on defendant's silence harmful, given evidence presented); *Gibbs v. State*, 217 Ga. App. 614, 616 (458 SE2d 407) (1995) (comment on defendant's silence harmful because evidence, which included victim's identification testimony, was not overwhelming).

Given these circumstances, counsel's failure to object to the prosecutor's improper questioning prejudiced Johnson's defense. See *Goldstein*, supra, 283 Ga. App. at 9 (3) (b); *Gibbs*, supra, 217 Ga. App. at 614. Accordingly, we must reverse and remand for a new trial.

(b) In light of our holding in Division (2) (a), we need not reach Johnson's remaining ineffective assistance claims.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 28, 2008 —
RECONSIDERATION DENIED SEPTEMBER 29, 2008.

*Thomas E. Griner*, for appellant.
*Patrick H. Head, District Attorney, Lynne G. Voelker, Amelia G. Pray, Assistant District Attorneys*, for appellee.