## A08A1651. GINN v. THE STATE.
(667 SE2d 712)

BARNES, Chief Judge.

Patrice Michelle Ginn appeals her conviction for reckless conduct in violation of OCGA § 16-5-60 (c) (1).[1] Ginn was sentenced as a recidivist to the maximum punishment of ten years with the first

---

[1] OCGA § 16-5-60 (c) (1) provides in pertinent part that "[a] person who is an HIV infected person who, after obtaining knowledge of being infected with HIV . . . [k]nowingly

eight years to serve in confinement and the two remaining years to serve on probation. Ginn contends the evidence was insufficient to warrant a conviction because she and two witnesses testified that the victim knew Ginn was HIV positive and because her HIV status was revealed on the front page of the local newspaper before her relationship with the victim began. Finding no error, we affirm.

On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses . . . [are] a matter of credibility for the jury to resolve. [So] long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

Construed in a light most favorable to the verdict, the evidence showed that Ginn and the victim began a relationship in the summer of 2004. Approximately one week after the relationship began, Ginn and the victim became intimate. The victim did not use any form of protection. According to her own testimony, Ginn tested positive for the HIV virus in 1987. Ginn's doctor also testified that Ginn had known since at least 2000 that she was HIV positive. Further, Ginn spoke with the local newspaper about being HIV positive before her relationship with the victim began. The newspaper ran a front-page story and a follow-up about Ginn's HIV status.

Although Ginn and other witnesses testified that she notified the victim of her HIV status before having intercourse with him, the victim testified that Ginn never told him she was HIV positive. The relationship continued off and on for several months. A friend of Ginn's informed the victim of Ginn's HIV status after the relationship ended. When the victim asked Ginn if she "had HIV," she stated that she did not. Also, two witnesses testified that they heard the

---

engages in sexual intercourse . . . and the HIV infected person does not disclose to the other person the fact of that infected person's being an HIV infected person prior to that intercourse . . . is guilty of a felony."

conversation between Ginn and the victim that took place over a two-way radio where Ginn denied twice that she was HIV positive. The victim filed an application for an arrest warrant with the magistrate court and gave a statement to the sheriff's department against Ginn for failing to inform him of her HIV status. Ginn voluntarily submitted to HIV testing conducted by her doctor on the request of the investigator, which confirmed that she is HIV positive.

An HIV-infected person who knows she is HIV positive and does not disclose this status to her partner before engaging in intercourse is guilty of a felony. OCGA § 16-5-60 (c) (1). Although there was some conflicting testimony as to whether Ginn told the victim of her HIV status before engaging in intercourse with him, sufficient evidence authorized the jury's finding that Ginn did not disclose her HIV status to the victim before intercourse. All that is required is that there is some competent evidence for the jury to base its verdict. *Grier*, supra, 218 Ga. App. at 638. Here, the victim testified that he was not aware of Ginn's HIV status. Another witness testified that the victim was upset when he learned that Ginn was HIV positive and two other witnesses heard Ginn tell the victim that she was not HIV positive. The credibility of witnesses is a determination to be made by the jury and the findings of the jury in this case are reasonable. *Garey v. State*, 273 Ga. 133, 137 (3) (539 SE2d 123) (2000).

Ginn also argues that the state presented no evidence to contradict her testimony that she did not know she was HIV positive. This argument is without merit. Ginn spoke to the local newspaper regarding her HIV status. Ginn's doctor testified that she told him about her HIV status in 2000. Ginn herself testified that she tested positive for HIV in 1987. Further, Ginn's contention on appeal is that she told the victim that she was HIV positive. The evidence was more than sufficient for the jury to find that Ginn knew she was positive for the HIV virus. *Garey*, supra, 273 Ga. at 137 (3).

Because some competent evidence supported that Ginn did not disclose her HIV status to the victim before engaging in sexual intercourse and because it showed that she knew she was HIV positive, the evidence is sufficient to support the jury's finding that Ginn is guilty beyond a reasonable doubt of reckless conduct. *Jackson*, supra, 443 U. S. 307.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 30, 2008.

*Ricardo G. Samper*, for appellant.

*Peter J. Skandalakis, District Attorney, Bruce P. Dutcher, Assistant District Attorney*, for appellee.