## A09A1503. GRISSOM v. THE STATE.
### (685 SE2d 492)

DOYLE, Judge.

Following a jury trial, Jerry Grissom appeals his conviction of three counts of possessing a controlled substance[1] (methamphetamine, alprazolam, and hydrocodone) and contends that the trial court erred in denying his motion for new trial based on the State's improper comments about his pre- and post-arrest silence. Because the Supreme Court of Georgia has held that such comments violate a criminal defendant's right to remain silent, and because the evidence of Grissom's guilt was not overwhelming, we reverse.[2]

The trial transcript shows that, during a narcotics investigation, police searched a residence pursuant to a Fourth Amendment waiver in the occupant's bond order. They found the occupant (who was Grissom's co-defendant) on a bed along with Grissom and asked Grissom if he had any drugs or weapons on his person. He replied that he had a knife, and after realizing it was not on his person, he indicated it was in a black bag. The officer requested Grissom's permission to search a bag that happened to be near the bed and Grissom consented. There was some confusion on the testifying officer's part as to whether Grissom said that particular bag was "his" bag. Instead of finding Grissom's knife in the bag near the bed, the officer found marijuana, prescription pills, and methamphetamine concealed therein. At trial, Grissom took the stand and disputed that the bag in the bedroom was in fact his, pointing out that, instead, his knife was in a black bag later found in his truck outside the residence.

Meanwhile, before fully searching the bag by the bed, the officer had noticed a bulge in Grissom's pocket and asked him to remove the object, which Grissom did, revealing it to be a "hide-a-key" container. Grissom declined the officer's request for consent to search the container and stated that it was not his and he had never seen it before. He testified at trial that his co-defendant, the occupant of the

---

[1] OCGA § 16-13-30 (a).

[2] See *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991), overruled on other grounds, *Chapel v. State*, 270 Ga. 151, 154-156 (4) (510 SE2d 802) (1998). See also *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999) (recognizing *Mallory* was implicitly overruled on other grounds).

residence, had "crammed" it to him when police arrived. After a drug dog alerted on the container, police opened it and discovered methamphetamine and pills.

Based on the evidence found in the black bag and hide-a-key container, Grissom was charged with possession with intent to distribute marijuana, methamphetamine, alprazolam, and hydrocodone. A jury acquitted him of possessing the marijuana and found him guilty of the lesser included offenses of possession of the methamphetamine, alprazolam, and hydrocodone. Grissom unsuccessfully moved for a new trial, giving rise to this appeal.

Grissom contends that the trial court erred in not granting him a new trial based on his argument that the State, over his continued objections, repeatedly and improperly commented on Grissom's pre-arrest and post-arrest silence regarding his disclaimer of the hide-a-key container and the black bag in the bedroom. We agree.

With respect to the hide-a-key container, Grissom took the stand and denied knowing what was in the container and testified that his co-defendant had shoved it to him, telling him to "do something with this" just as the police arrived. There was corroborating testimony from an officer that police specifically knew the co-defendant had a practice of hiding narcotics in a hide-a-key container. With respect to the black bag in the bedroom, Grissom testified that he did not know which of several bags in the room police had asked permission to search, that his bag was actually in his truck, and that he did not know who owned the bag that the police searched or what was in it. The testifying officer was unsure whether Grissom actually claimed ownership of the bag containing the controlled substances.

Challenging Grissom's defense, the State attacked Grissom's credibility on cross-examination:

> State: Well, do you remember when you pulled [the hide-a-key] out of your pocket you didn't say to law enforcement, hey, [co-defendant] just gave me that, did you?
> Grissom: No, I didn't say nothing. I didn't say nothing. . . . I didn't say nothing. I don't want, you know — I don't know what to say —

Grissom's attorney immediately objected and moved for a mistrial on the ground that the State had commented on Grissom's silence. The trial court overruled the objection and denied the motion, and the State continued:

> State: Mr. Grissom, you never told anybody before today that [co-defendant] gave you that box, have you?
> Grissom: I've never discussed this case with anybody.

Grissom's counsel immediately renewed the objection, which was overruled again. Over Grissom's repeated objections, the State continued to question Grissom as to why he "never went back to tell law enforcement, hey, I've got some additional information for you. . . ." Grissom continued to testify that the black bag in the bedroom was not his, that the key container was forced upon him by his co-defendant, and that he did not know what was in either the bag or the key container. During closing argument, the State re-emphasized, over Grissom's objection, Grissom's failure to provide his defense to police at the scene or thereafter.

The Supreme Court of Georgia has made it clear that in criminal cases, commenting on a defendant's silence or failure to come forward "is far more prejudicial than probative. [Therefore,] such a comment is not to be permitted even in situations in which the defendant has not received *Miranda* warnings or takes the stand in his own defense."[3] It is "fundamentally unfair to simultaneously afford a suspect a constitutional right to silence following arrest and yet allow the implications of that silence to be used against him for either substantive or impeachment purposes."[4] Therefore, allowing the State to repeatedly question Grissom about his silence and to emphasize the point in closing argument was an "error of constitutional dimension."[5]

The remaining question is whether the error was harmless.

> The true focus of this court's inquiry must be whether the testimony produced a trial which was so fundamentally unfair as to deny defendant due process. To reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.[6]

Because the evidence of Grissom's guilt was not overwhelming, and the State's improper commentary directly attacked the substance of Grissom's defense, we conclude that the error was not harmless.

Grissom's defense rested upon his own testimony denying any connection with the drugs found at the scene. He was not the owner of the residence, police did not expect him to be present, the co-defendant was the focus of the investigation, and police had

---

[3] (Citations and punctuation omitted.) *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009).

[4] *Gibbs v. State*, 217 Ga. App. 614, 615 (458 SE2d 407) (1995).

[5] See id.; *Wright v. State*, 287 Ga. App. 593, 594 (651 SE2d 852) (2007).

[6] *Wright*, 287 Ga. App. at 594.

received information that the co-defendant kept narcotics specifically in a key container, which corroborated Grissom's account. Grissom's mere presence at the scene was not sufficient to establish his possession of the drugs:[7]

> The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.[8]

Thus, the trial outcome turned on the credibility of Grissom's claim that he did not knowingly possess any narcotics found at the scene. Grissom's asserted ignorance about the contents of the key container and the identity and contents of the black bag, if believed by the jury, could have provided a defense to the possession offenses. "Under the circumstances of the case sub judice, it would be naive to suggest that the evidence concerning defendant's silence did not weaken defendant's position in the minds of the jurors. . . ."[9] Although the jury ultimately chose to disbelieve Grissom, we cannot say that the improper inference of guilt raised by the State's repeated references to Grissom's pre-trial silence failed to influence the jury's decision.[10] Therefore, we reverse the trial court's denial of Grissom's motion for a new trial.

*Judgment reversed. Blackburn, P. J., and Adams, J., concur.*

## DECIDED OCTOBER 26, 2009.

*Nathanael A. Horsley*, for appellant.

---

[7] See, e.g., *Herberman v. State*, 287 Ga. App. 635, 637-638 (1) (653 SE2d 74) (2007) ("Spatial proximity alone is insufficient to prove . . . constructive possession of contraband. Mere presence, without proof of participation, is insufficient to support a conviction. Moreover, when a constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.") (punctuation and footnote omitted); *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000) ("Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.") (punctuation omitted).

[8] (Punctuation omitted.) *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988).

[9] *Gibbs*, 217 Ga. App. at 616.

[10] See *Wright*, 287 Ga. App. at 594-595. Cf. *Johnson v. State*, 293 Ga. App. 728, 730-731 (2) (a) (667 SE2d 637) (2008) (finding harmful error in the context of a claim for ineffective assistance of counsel).

*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.