A11A0316. JONES v. THE STATE.
(714 SE2d 590)

MILLER, Presiding Judge.

Defendant Carlos Jones appeals his conviction of armed robbery and possession of a firearm by a convicted felon. He challenges the qualifications of a witness permitted to testify as an expert and the sufficiency of the evidence to support his conviction. Since these contentions lack merit, we affirm.

1.  On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [the appellant] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Ginn v. State*, 293 Ga. App. 757, 758 (667 SE2d 712) (2008).

Viewed in the light most favorable to the jury's verdict, the trial evidence shows that a single employee was operating a convenience store when someone entered the store and held a gun on her. The perpetrator was a black male weighing about 260 pounds and standing over six feet tall, with his face obscured by a nylon stocking over his head. In spite of the stocking, the store clerk was able to see that the perpetrator had a mustache, bushy eyebrows, and braids in his hair. The robbery lasted about ten or fifteen minutes during which time the perpetrator was speaking as he directed the store clerk to walk over to the cash register, to place the money in a plastic bag, and warned her not to do anything stupid. The store clerk told

police that the perpetrator had a deep, scratchy voice.

Three days later, the store clerk was back at work, after taking a couple of days off. The perpetrator returned to the store. On this second occasion, the perpetrator entered the store as a customer and said that he wanted a pack of cigarettes and some gas. The store clerk testified that even though he was tall, of the same weight, and had the same facial hair, she initially recognized the perpetrator by his voice. Later, Jones was identified as the perpetrator in a picture lineup by the store clerk. The State also presented the testimony of an expert polygraph examiner, that Jones showed deception to questions concerning the armed robbery.

Jones argues that the State's evidence was insufficient to overcome his alibi defense as provided by his testimony and the testimony of another witness. He also notes that the store clerk's testimony concerning the appearance of the armed robber did not include any mention of his gold teeth or a large scar.

The jury's verdict was authorized by the evidence. The store clerk identified Jones by his voice and his physical build, and there was some corroboration in the evidence of deception during the polygraph examination. The jury was authorized to accept the identification of Jones as the armed robber. Even insofar as that identification was based on recognizing Jones's voice, the store clerk explained the basis of that opinion so that the probative value of the evidence was an issue for the jury. *McKay v. State*, 251 Ga. App. 115, 116-117 (553 SE2d 672) (2001); *Stevanus v. State*, 185 Ga. App. 7, 10 (1) (363 SE2d 322) (1987). The jury was authorized to find Jones guilty of the offenses of which he was charged.

2. "[U]pon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." *State v. Chambers*, 240 Ga. 76, 76-77 (239 SE2d 324) (1977). Such a stipulation was signed by the parties and entered in the trial court record.

A polygraph test of Jones was administered by Montgerard, a lieutenant with the Dougherty County Sheriff's Office. At trial, when the State sought to qualify Montgerard as an expert to give testimony concerning the polygraph test, Jones objected to Montgerard's qualifications on the grounds that he had not been certified, had never been tendered as an expert, and had never testified in a similar state court proceeding. The trial court overruled Jones's objection and permitted Montgerard to testify as an expert regarding the polygraph examination.

While Jones's arguments are directed solely to Montgerard's qualifications, we note that via the stipulation, Jones has voluntarily consented to admission of the polygraph test results. While one part

of the test results are the graphs made by the machine, "[t]he other part is the opinion of the examiner as to what those responses indicate." *Chambers*, supra, 240 Ga. at 78. Thus, Jones has agreed to admission of Montgerard's opinion testimony concerning the polygraph examination, and failed to provide any reason he should not be bound by his agreement. See *Hendrick v. State*, 257 Ga. 17, 18 (3) (354 SE2d 433) (1987) (admitting stipulated polygraph test since contentions regarding the objectivity of the examiner go to the weight of the testimony); *Harris v. State*, 308 Ga. App. 523, 526 (2) (707 SE2d 908) (2011) (finding it contrary to the spirit of a stipulation agreement to compel the State to provide funds to retain a polygraph expert to testify regarding the inherent unreliability of polygraphs in general). Under these circumstances, Jones has waived the issues raised in this enumeration of error.

Furthermore, Montgerard testified that he had been a polygraph examiner for six years. He was certified to administer polygraphs after completing a ten-week class conducted in 2001 by the American International Polygraph Institute at the Georgia Public Safety Training Center in Forsyth, Georgia. Following the training, he was also monitored for a period of six months by a licensed polygraph examiner. Additionally, he completes more than 20 hours per year of continuing training in order to retain his certification. As of the day he testified in the trial of this case, Montgerard had conducted 296 polygraphs, most of which were for the purpose of employment screening for the Sheriff's Office, and approximately 40 of which were conducted with respect to criminal matters.

Nonetheless, Jones notes that Montgerard lacks experience testifying as an expert witness, having never been qualified in any court as an expert and having testified as to polygraph matters in a criminal case only once in federal court. This lack of court experience may reasonably be implied to be a function of the area of expertise involved since testimony concerning polygraph examinations may only be introduced into evidence under limited circumstances.

"Acceptance or rejection of the qualifications of a proffered expert witness is within the sound discretion of the trial judge and will not be disturbed on appeal absent manifest abuse." (Citations and punctuation omitted.) *Turner v. State*, 258 Ga. 97, 100 (3) (365 SE2d 822) (1988). Here, there is no abuse of that discretion since the trial court explicitly relies upon Montgerard's training and experience, which included completion of a State administered training program, certification maintained via additional annual training, and the administration of 296 polygraph examinations. The trial court did not err by overruling Jones's objection to the qualifications of Montgerard, or by allowing him to testify as an expert concerning the polygraph test he administered on Jones. See id.; see also *Hubert*

*v. State*, 297 Ga. App. 71, 74 (4) (676 SE2d 436) (2009).
    *Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 14, 2011.

*Kevin Armstrong*, for appellant.
    *Gregory W. Edwards, District Attorney, Nicholas E. Deeb, Assistant District Attorney*, for appellee.