**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2013**

# In the Court of Appeals of Georgia

A13A1527. CHEEKS v. THE STATE.

BOGGS, Judge.

Dontavius Cheeks was convicted of rape and false imprisonment. His amended motion for new trial was denied, and he appeals. He asserts as his sole enumeration of error the ineffective assistance of trial counsel in failing to object to argument by the State regarding Cheeks' silence and failure to come forward to police. We agree with the trial court that counsel was ineffective in failing to object to this testimony, but disagree with the trial court's conclusion that counsel's deficient performance did not affect the outcome of the trial. We therefore reverse.

> To demonstrate deficient representation, a convicted criminal defendant must show that counsel's representation fell below an objective standard of reasonableness. Such a defendant must overcome the strong presumption that counsel's performance fell within a wide range of

reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case.

(Citations, punctuation, and footnote omitted.) *Greene v. State*, 295 Ga. App. 803, 805 (673 SE2d 292) (2009). At Cheeks' trial, the State argued during its opening statement that Cheeks refused to talk to investigating officers. The prosecutor then called Cheeks' mother as a witness and questioned her extensively regarding Cheeks' failure to turn himself in. And during its closing, the State again contended, repeatedly, that Cheeks refused to speak with and "evade[d]" the police and that he did so because he was guilty: "You didn't do anything wrong? Go down and talk to the police. Tell them what happened."

At the hearing on Cheeks' motion for new trial, counsel testified that she was "extremely nervous" because it was her first trial as lead counsel and her first appearance in the trial judge's courtroom. She "didn't object to those comments. But it wasn't because of any strategic reason. I remember thinking about it . . . . Honestly, I just let my nerves get the better of me."

Georgia law is abundantly clear that arguments commenting on a defendant's silence are impermissible. *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009);

2

*Scott v. State*, 305 Ga. App. 710, 716 (2) (a) (700 SE2d 694) (2010); *Johnson v. State*, 293 Ga. App. 728, 730 (667 SE2d 637) (2008). And "at the motion for new trial hearing, [Cheeks'] trial counsel testified that she was unable to explain why she had not objected to the testimony, but confirmed that her failure to do so did not arise from a strategical decision. It follows that trial counsel's performance in this regard was deficient." (Citations omitted.) *Arellano v. State*, 304 Ga. App. 838, 841 (698 SE2d 362) (2010).

The trial court found, based on the evidence presented at trial, that there was strong evidence of Cheeks' guilt and "there is not a reasonable probability that defense counsel's failure to object to the State's comments had any effect on the jury's verdict." But

> [w]hen determining whether the State's unchallenged comments or questions about a defendant's right to remain silent have prejudiced that defendant, we consider a number of factors. These include whether the error was an isolated incident, or instead consisted of several questions or comments, and whether the error was inadvertent, rather than a deliberate attempt by the State to use the defendant's silence against him. We also examine the "trial context" of the error, and take a particularly dim view of the State's conduct in arguing during closing that evidence of the defendant's silence should be viewed as evidence of his guilt. Finally, we analyze whether, in light of the evidence

3

presented, there was a possibility that the State's improper comments contributed to the guilty verdict. In other words, we examine whether the evidence of the defendant's guilt was overwhelming or whether the evidence was conflicting.

(Citations omitted.) *Scott v. State*, supra, 305 Ga. App. at 717 (2) (a).[1]

Here, the State's use of Cheeks' silence was egregious and pervasive: not only did the prosecutor aggressively question Cheeks' mother regarding his failure to turn himself in to the police, the prosecutor repeatedly and explicitly argued during opening *and* closing that Cheeks' silence was evidence of guilt. The victim contended that she was raped, but Cheeks contended that the intercourse was consensual. There were no other witnesses to the encounter and no physical evidence establishing force. The State produced evidence of outcry, and testimony that the 18-year-old victim was a lesbian and uninterested in boys. The State also presented similar transaction evidence in testimony from Cheeks' former girlfriend that he had raped her

---

[1] The cases cited by the State in its brief for the review of an improper reference to a defendant's silence involve a jury instruction, *Ruiz v. State*, 286 Ga. 146, 150-151 (3) (686 SE2d 253) (2009), and an inadvertent, unsolicited comment by an investigator that was not followed up or argued by the prosecutor. *Allen v. State*, 272 Ga. 513, 515-516 (5) (530 SE2d 185) (2000). Here, in contrast, the State's conduct was precisely the aggressive exploitation of a defendant's silence that we have repeatedly and unequivocally condemned.

approximately two years after their relationship ended; apparently Cheeks was never prosecuted.

> The outcome of the trial depended on whether or not the jury found the intercourse to be consensual. There were no eyewitnesses and no physical evidence indicating the use of force. Although the state reinforced [the victim's] testimony that she had not consented to intercourse with testimony from outcry witnesses, the jury's determination of the credibility of [Cheeks and the victim] was critical to its verdict.

*State v. Moore*, 318 Ga. App. 118, 123 (3) (733 SE2d 418) (2012).

While in *Moore*, we affirmed the trial court's *grant* of a new trial on the ground of ineffective assistance, the circumstances in the case before us are similar, and we likewise conclude that trial counsel's failure to object to the State's repeated questions and comments regarding Cheeks' silence was harmful in light of the evidence before the jury. See also *Scott v. State*, supra, 305 Ga. App. at 718 (2) (a) (comment on defendant's silence harmful when evidence, including eyewitness testimony, was in conflict and State "deliberately and unequivocally argued that the jury should use Scott's silence against him and view his failure to come forward and speak with police as evidence of his guilt"); *Johnson v. State*, supra, 293 Ga. App. at

731 (2) (a) (comment on defendant's silence harmful because evidence was not overwhelming and required jury to weigh defendant's credibility).

Here, although the State presented more evidence than was presented in *Moore* or *Scott*, it was nevertheless conflicting, and the jury was required to weigh the credibility of the witnesses. Considering this, as required, in the context of the State's intentional and pervasive exploitation of Cheeks' silence in both testimony and argument, we must conclude that "in light of the evidence presented, there was a possibility that the State's improper comments contributed to the guilty verdict. [Cit.]" *Scott*, supra, 305 Ga. App. at 717 (2) (a). A reasonable probability therefore exists that trial counsel's deficient performance affected the outcome of the trial, and we must reverse.

*Judgment reversed. Doyle, P. J. and McFadden, J., concur.*